UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD ZAWADA, )<br>)<br>   Petitioner )<br>)<br> vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent ) | CAUSE NO. 3:09-CV-362 RM<br>(Arising from 3:06-CR-120 RM) |

## OPINION and ORDER

Donald Zawada is before the court on motions relating to his petition filed pursuant to 28 U.S.C. § 2255. Mr. Zawada first requests the court to appoint an "Internet Messaging Expert and Computer Forensics Expert" to issue a "nonpartial, unbiased report and testimony concerning discovery, computer evidence, emails, chats, and testimony of government expert and investigators" on the issues presented in his § 2255 petition. Mr. Zawada cites no legal authority for his request, and even though an expert may be appointed at court expense in a post-conviction proceeding, such an appointment is available to petitioners "seeking to vacate or set aside a death sentence." 18 U.S.C. § 3599(a)(2). No death sentence was imposed in this case. The court denies Mr. Zawada's request that a computer expert be appointed.

Mr. Zawada next asks the court to issue a "Certificate of Reasonable Doubt" and "fix bail consistent with [his] financial abilities" pending resolution of his § 2255 petition. Courts possess inherent power to admit applicants to bail pending

a decision in a § 2255 proceeding, but that power is to be exercised very sparingly." *See* Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986); Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985). "A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." Kramer v. Jenkins, 800 F.2d at 709 (*quoting* Cherek v. United States, 767 F.2d at 337). Mr. Zawada hasn't established that he is entitled to the extraordinary relief sought, and the court denies his motion.

Mr. Zawada lastly asks that he be provided, at no cost, with "copies of all evidence and discovery, all proceedings in full, [and] all previous and current motions" in the possession of the court and the United States Attorney's Office. Copies of evidence and discovery documents aren't contained in the court's file and so can't be provided to him, and the court is under no obligation to obtain documents from the United States Attorney's Office for him. Mr. Zawada also says he wants copies of all filings by all parties. A review of the docket sheet in this case shows 178 entries, with a minimum of fifty orders and letters, sixty motions, and various other documents having been filed over a three-year period. Mr. Zawada has filed a 45-page § 2255 petition, in which he cites to evidence and testimony presented at trial and specific pages of the trial transcript; twenty-six

pages of exhibits accompany the petition. That Mr. Zawada could file so detailed a petition belies his claim that he has been denied access to relevant materials necessary to the preparation of his § 2255 petition. Mr. Zawada's request for further documents and transcripts is denied without prejudice to a renewed request for specific documents and a showing of what relevance any such documents might have to his current petition.

Based on the foregoing, the court

(a) DENIES the motion for appointment of a computer expert [docket # 175];

(b) DENIES the motion for bail pending resolution of the § 2255 petition [docket # 176]; and

(c) DENIES the request for copies evidence and discovery and DENIES without prejudice the request for copies of documents and transcripts previously filed and prepared in this case [docket # 177].

The court further DENIES Mr. Zawada's motion to proceed in forma pauperis [docket # 162] as unnecessary (no fee is required to file a § 2255 petition), and AFFORDS him to and including November 20, 2009 to file his reply brief. The Clerk is DIRECTED to forward a current copy of the docket sheet to Mr. Zawada along with a copy of this order.

SO ORDERED.

ENTERED:     October 29, 2009

/s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court

cc: D. Zawada