UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD ZAWADA,                )
                             )
              Petitioner     )
                             )
      vs.                    )      CAUSE NO. 3:09-CV-362 RM
                             )      (Arising out of 3:06-CR-120(01) RM)
UNITED STATES OF AMERICA,    )
                             )
              Respondent     )

OPINION and ORDER

At the conclusion of a three-day trial in June 2007, a jury convicted Donald Zawada of attempted enticement of a minor and transfer of obscene materials to a person under the age of sixteen. The court sentenced Mr. Zawada in December 2007 to concurrent imprisonment terms of 135 months and 120 months, to be followed by a three-year term of supervised release. His conviction and sentence were affirmed on appeal. United States v. Zawada, 552 F.3d 531 (7th Cir. 2008).

Mr. Zawada is now before the court on his *pro se* petition filed pursuant to 28 U.S.C. § 2255 in which he seeks to have his sentence vacated, the jury verdict set aside, and the charges against him dismissed. Mr. Zawada's § 2255 petition was timely filed on August 10, 2009, together with a request for counsel. The government filed its response to the petition, and Mr. Zawada filed a reply and an addendum to his reply.

28 U.S.C. § 2255 provides that if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief," an evidentiary

hearing is not required. Based on a review of the parties' filings and the record of this case, the court concludes that the factual and legal issues raised by Mr. Zawada may be resolved on the record, so no hearing on his § 2255 petition is necessary. *See* <u>Menzer v. United States</u>, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where record conclusively demonstrates that petitioner is entitled to no relief on § 2255 motion).

Mr. Zawada also has requested that counsel be appointed under 18 U.S.C. § 3006A(a)(2)(B) to help him investigate the issues he raises in his petition. Section 3006A(a)(2)(B) provides that counsel may be appointed for a financially eligible person seeking relief under 28 U.S.C. § 2255 if "the interests of justice so require." Mr. Zawada says the factual and legal issues raised in his petition are numerous and complex and his incarceration has impaired his ability to fully investigate. A review of Mr. Zawada's filings, including his forty-five page § 2255 petition with its twenty-seven pages of exhibits, his nineteen-page reply brief with twelve pages of exhibits, and his three-page addendum, confirms that Mr. Zawada is well able to articulate factual and legal issues and present his arguments without the assistance of counsel. And while Rule 8(c) of the Governing Rules of Section 2255 Proceedings requires appointment of counsel if an evidentiary hearing is held, the merits of Mr. Zawada's petition can be resolved without a hearing. Because the absence of counsel won't result in an unfair proceeding in violation of Mr. Zawada's due process rights, the court denies his motion for appointment of counsel.

# I. BACKGROUND

Mr. Zawada was first charged in this court by criminal complaint on August 23, 2006, following his arrest in the Northern District of Illinois. He made his initial appearance in South Bend and waived a preliminary probable cause hearing, and counsel was appointed to represent him. Mr. Zawada was ordered detained, and on September 14, a grand jury returned a two-count indictment charging him in Count 1 with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), and in Count 2 with transfer of obscene materials to a person under the age of sixteen, in violation of 18 U.S.C. § 1470. Mr. Zawada entered a not guilty plea to the indictment, and trial was scheduled before Judge Allen Sharp.

A few months later, Mr. Zawada retained attorney Mark Lenyo to represent him, and his court-appointed counsel withdrew. Trial began before Judge Sharp on June 11, 2007, and on June 13, Mr. Zawada was convicted on both counts of the indictment. Three weeks later, Mr. Zawada filed a motion to represent himself and a motion to vacate the verdict; he thereafter filed a myriad of other motions. Amid the flurry of those filings, Judge Sharp became ill and the case was reassigned to this judge for all further proceedings. At the hearing on Mr. Zawada's *pro se* motions, the court granted his request to represent himself and appointed attorney Michael Rehak as stand-by counsel to assist at the sentencing hearing, which was held on December 28, 2007. Mr. Zawada was sentenced to concurrent terms of imprisonment of 135 months and 120 months. Mr. Zawada

filed his notice of appeal, and attorneys David Jones and Michelle Shirk were appointed as appellate counsel. Mr. Zawada's conviction was affirmed on December 18, 2008.

The court of appeals set forth a recap of the relevant facts in its consideration of Mr. Zawada's appeal, <u>United States v. Zawada</u>, 552 F.3d at 532-534, as did the government in its response to Mr. Zawada's § 2255 petition. Resp., at 4-10. Those facts will not be repeated unless relevant.

## II. Legal Standard

A person convicted of a federal crime may attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 petition will not be allowed to substitute for an appeal or to advance arguments that could have been made earlier. *See* <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal." (*quoting* <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947))); <u>Fountain v. United States</u>, 211 F.3d 429, 433 (7th Cir. 2000) ("It is well-established . . . that a § 2255 motion is not a substitute for direct appeal. "). Constitutional claims not raised on direct appeal are barred unless the petitioner shows good cause and actual prejudice for not raising the

issues on appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds*, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). Non-constitutional issues that could have been, but weren't, raised on direct appeal can't be raised in a § 2255 petition; there is no cause and prejudice exception for non-constitutional errors that could have been raised on appeal but were not. Arango-Alvarez v. United States, 134 F.3d 888, 891 (7th Cir. 1998). Issues already argued and decided on direct appeal may not be raised in a § 2255 petition, absent a showing of changed circumstances. Belford v. United States, 975 F.2d at 313. And, lastly, a claim of ineffective assistance of counsel not raised on direct appeal may still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

III. DISCUSSION

*A. Claims Decided on Appeal*

Mr. Zawada claims certain images and "chat" conversations shouldn't have been admitted into evidence or published to the jury. Those claims of error were raised and rejected on appeal. *See* United States v. Zawada, 552 F.3d at 535 (concluding on both issues that "[w]hile these materials undoubtedly made a significant impression on the jury, they were not unfairly prejudicial"). "Once the claim has been rejected on direct appeal, that decision will be binding on the district court through the law of the case doctrine," United States v. Harris, 394 F.3d 543, 558 (7th Cir. 2005), and the issues may not be reconsidered in a § 2255

5

petition absent changed circumstances. <u>Olmstead v. United States</u>, 55 F.3d 316, 319 (7th Cir. 1995). Mr. Zawada hasn't set forth any changed circumstances that would justify reconsideration or relitigation of claims already decided on appeal, so his request for relief on those claims is barred.

## B. Non-Constitutional Claims

Mr. Zawada claims various procedural and evidentiary rules were violated during his trial, including Federal Rules of Evidence 403 and 901 based on the admission of phone records and other evidence he says wasn't authenticated; Federal Rule of Evidence 615 because a government agent/witness was allowed to sit at counsel table during the proceedings; and Federal Rules of Criminal Procedure 16 and 26.2 because he didn't receive copies of subpoenas, grand jury transcripts, phone records, computer logs, and statements allegedly made by him and others. Mr. Zawada says the testimony of various government witnesses wasn't supported or corroborated by the evidence, shouldn't have been admitted, and was introduced to inflame the jury; he complains, too, that other evidence wasn't introduced at all.

"[N]on-constitutional errors which could have been raised on appeal but were not, are barred on collateral review — regardless of cause and prejudice." <u>Arango-Alvarez v. United States</u>, 134 F.3d 888, 891 (7th Cir. 1998); <u>Murray v. United States</u>, No. 09-107, 2009 WL 3461920, at *3 (S.D. Ill. Oct. 23, 2009) ("the Seventh Circuit has made it very clear that there are . . . issues that cannot be

raised in a Section 2255 motion: . . . nonconstitutional issues that could have been but were not raised on direct appeal"). Because the above-listed errors aren't jurisdictional or constitutional and the issues weren't raised on appeal, Mr. Zawada's challenges to the sufficiency of the evidence and his claims of rule violations don't entitle him to the relief he seeks. *See* <u>Williams v. United States</u>, No. 2:04-CV-129, 2006 WL 2993062, at *14 (E.D. Va. Oct. 19, 2006) ("Petitioner asserts that he was denied a fair trial because an FBI witness violated the court's sequestration order by talking to other witnesses outside of court. Most important, this allegation does not rise to the level of a constitutional violation, and thus cannot be raised in a § 2255 petition."); <u>United States v. Hull</u>, No. 2:02-CV-2, 2006 WL 752481, at *5 (N.D. Ind. Mar. 21, 2006) ("It is well-settled that defendants must argue evidentiary issues on direct appeal and not in a § 2255 petition.").

### C.  Constitutional Claims

A petitioner can't bring constitutional claims he could have raised on direct appeal without showing good cause for and actual prejudice resulting from his failure to raise the claims on direct appeal. <u>Reed v. Farley</u>, 512 U.S. at 354; <u>United States v. Frady</u>, 456 U.S. 152, 167-168 (1982). If a petitioner can't demonstrate both good cause and prejudice, he may obtain collateral review only if he can persuade the court that the dismissal of his petition would result in a

fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

Mr. Zawada challenges the court's jurisdiction to conduct his trial and complains that his due process rights were violated because no competency-evaluation was conducted and an *ex parte* communication occurred during trial, all issues not raised in his appeal. Thus, Mr. Zawada must show good cause for and actual prejudice from not raising the issues on direct appeal. Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2002). He has shown neither: he didn't acknowledge that the claims he presents weren't raised in his appeal, nor did he address the issues of good cause for and prejudice from that omission. As a result, Mr. Zawada lost his opportunity to raise these claims in a § 2255 petition.

Even if the court were to consider his claims, Mr. Zawada couldn't prevail. Mr. Zawada bears the burden of making "some threshold showing . . . of an evidentiary basis" for the relief sought, Kafo v. United States, 467 F.3d 1063, 1069 (7th Cir. 2006), and he hasn't done so.


(1) Challenge to Jurisdiction

Mr. Zawada challenges his convictions based on his claim of improper venue. Mr. Zawada maintains that the charged offenses took place in the Northern District of Illinois, specifically in the Chicago area where he resides, and not in the Northern District of Indiana. According to Mr. Zawada, because a trial must be held "with due regard for the convenience of the defendant, any victim and the

witnesses," venue in South Bend, Indiana was improper. He claims being tried in South Bend resulted in his being denied access to his family, witnesses, alibi witnesses, and the expertise of technical persons "due to geographical and communication constraints of being outside his social and support structure." Mr. Zawada concludes that Chicago, Illinois was "the geographic area of convenience" for him and his witnesses and had he been afforded access to those people, a different result might have been possible.

"Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art III, § 2, cl. 3. Similarly, the Sixth Amendment guarantees criminal defendants a trial "by an impartial jury of the State and district where the crime shall have been committed." U.S. Const. amend. VI. The Federal Rules of Criminal Procedure provide, as well, that "the prosecution shall be had in a district in which the offense was committed." Fed. R. Crim. P. 18. To address multi-state crimes – where, as here, the acts constituting the crime are committed in more than one state or district[1] – Congress enacted 18 U.S.C. § 3237(a), which allows those crimes to be tried in any of the venues in which a part of the crime was committed. "Thus, venue for continuing crimes is proper where the crimes began, continued, or were completed." United States v. Tingle, 183 F.3d 719, 726-727 (7th Cir. 1999); *see*

---

[1] The indictment alleged in Count 1 that "on or about May 13, 2006, through and including July 14, 2006, in the Northern District of Indiana and elsewhere" Mr. Zawada attempted to entice a minor to engage in sexual activity, and in Count 2 that "on or about June 8, 2006 in the Northern District of Indiana and elsewhere" Mr. Zawada transferred or attempted to transfer obscene materials to a person under the age of sixteen.

*also* United States v. Muhammad, 502 F.3d 646, 654 (7th Cir. 2007) ("It is clear . . . where the acts constituting the crime and the nature of the crime charged implicate more than one location, the constitution does not command a single exclusive venue."). Because "places that suffer the effects of a crime are entitled to consideration for venue purposes," United States v. Muhammad, 502 F.3d at 654, the Northern District of Indiana — where Mr. Zawada directed his on-line chats and obscene materials — was the proper venue for his trial. Mr. Zawada isn't entitled to relief on his jurisdictional claim.

(2) Due Process Violation – Lack of Competency Hearing

Mr. Zawada says he was entitled to have had a mental competency hearing and because he didn't, his due process rights were violated. The Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); *see also* United States v. Andrews, 469 F.3d 1113, 1117 (7th Cir. 2006) ("Unquestionably, due process requires a defendant to be competent to stand trial."). "The test for incompetence is also well settled. A defendant may not be put to trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.'" Cooper v. Oklahoma, 517 U.S. at 354 (*quoting* Medina v. California, 505 U.S. 437, 453 (1992)); *see also* 18 U.S.C. § 4241(a) (competency determination required "if there is reasonable cause

to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

Mr. Zawada lists conditions he deems relevant — he says he suffered childhood abuse, underwent mental health treatments and therapy, was diagnosed with post-traumatic stress disorder, has depression and anxiety, had several heart attacks, underwent heart surgery just after his arrest, and has severe family problems — but he hasn't alleged or argued that any of those conditions, separately or in combination, rendered him incompetent to stand trial. Mr. Zawada asserts that a mental competency hearing should have been held, but he provides no support for a finding that a competency exam was warranted: he doesn't claim that he was unable to consult with his attorney, that he didn't understand the charges against him, that he was unable to assist in his defense, or that any of his actions would or should have alerted his counsel or the court that his competency was at issue. His conclusory allegation that his right to due process was violated is insufficient to entitle him to relief on this claim.

(3) Due Process Violation – *Ex Parte* Communication

Mr. Zawada claims he was denied a fair trial based on his allegation that an *ex parte* communication occurred between counsel for the government and Judge Sharp before Mr. Zawada and/or his counsel were present in court. Mr. Zawada

is mistaken, as the transcript of the June 12, 2006 trial proceedings shows. The discussion referenced by Mr. Zawada — between Judge Sharp and Assistant United States Attorney Miller-Lowery about a local newspaper article about the previous day's court proceedings — was held on the record just before the jury entered the courtroom. The transcript shows that the discussion at issue took place at the beginning of the day's proceedings, proceedings that wouldn't have begun without all parties, including Mr. Zawada and his counsel, being present in the courtroom. That defense counsel didn't comment on the newspaper article and Mr. Zawada doesn't remember being present at the time of the discussion doesn't convert the conversation into a prejudicial *ex parte* communication.

Every criminal defendant "has a due process right to be present in his own person . . . to defend against the charge [and] at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987); *see also* United States v. Boyd, 131 F.3d 951, 954 (11th Cir. 1997) ("The Supreme Court on numerous occasions has referred to a defendant's Confrontation Clause right to be present as a "trial right," . . . [and] has recognized a seemingly broader due process right to be present 'at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.'") (*quoting* Kentucky v. Stincer, 482 U.S. at 745)); Fed. R. Crim. P. 43(a)(2) ("the defendant must be present at . . . every trial stage, including jury impanelment and the return of the verdict"). Mr. Zawada hasn't demonstrated that he was

12

excluded from any portion of his trial proceedings and thus hasn't established any violation of the Confrontation Clause or his due process rights that would entitle him to relief.

## D. Ineffective Assistance of Counsel

Generally, a claim of ineffective assistance of counsel not raised on direct appeal still may be raised in a proceeding under § 2255. <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003); <u>Richardson v. United States</u>, 379 F.3d 485, 487 (7th Cir. 2004). When, as here, different counsel represents the defendant on appeal, he must raise his ineffective assistance of trial counsel claim in his direct appeal or face procedural default for not doing so. <u>McCleese v. United States</u>, 75 F.3d 1174, 1178 (7th Cir. 1996). Mr. Zawada hasn't presented any reason for not raising his claim on appeal, so to overcome his procedural default and raise the claim for the first time in his § 2255 petition, Mr. Zawada must offer extrinsic evidence, that is, evidence outside the trial record that "illuminates the attorney's errors." <u>McCleese v. United States</u>, 75 F.3d 1174, 1178 (7th Cir. 1996); *see also* <u>Bond v. United States</u>, 1 F.3d 631, 635 (7th Cir. 1993) ("Only if there is a need to embellish the picture of trial counsel's performance with extrinsic evidence will we excuse the failure to raise the claim on direct appeal."). Because Mr. Zawada has proffered extrinsic evidence to support many of his arguments that his trial counsel was ineffective, Mr. Zawada's ineffective assistance claim falls within the "extrinsic exception" and so won't be defaulted. *See* <u>Bond v. United States</u>, 1 F.3d

631, 635 (7th Cir. 1993) ("In a close case, we must err on the side of permitting the extrinsic evidence and entertain the claim so as to avoid punishing a defendant who waited to supplement the record with evidence that we later find irrelevant.").

To succeed on his ineffective assistance of trial counsel claim, Mr. Zawada must show, first, that his attorney's performance was deficient — "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" — and second, that counsel's deficient performance prejudiced his defense — "that counsel's errors were so serious as to deprive [the defendant] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984); *see also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). A strong presumption exists that counsel performed effectively. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. at 381. "Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to

undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. at 694). "In weighing the effect of counsel's errors, the court must consider the totality of the evidence . . . . A verdict or conclusion that is overwhelmingly supported by the record is less likely to have been affected by errors than one that is only weakly supported by the record." Eckstein v. Kingston, 460 F.3d at 848 (*quoting* Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)).

(1) Counsel's Performance

Mr. Zawada's claim of ineffective assistance of counsel is premised on his allegations that counsel didn't seek a competency hearing; didn't undertake a proper investigation, file pre-trial motions, take depositions, or procure discovery materials; didn't obtain a grand jury transcript; didn't hire an independent expert; didn't interview the defendant's wife, children, mother, brothers, or co-workers; didn't "develop" any alibi witnesses; didn't produce evidence that would have shown that (a) the defendant wasn't involved in crime, (b) defendant had an alibi, (c) someone used defendant's computer, (d) someone infiltrated defendant's computer, and/or (e) someone used defendant's Internet credentials and name; didn't produce evidence that would have cast doubt on the government's witnesses and evidence; and didn't permit the defendant to question the witnesses or undertake research of various documents. The court addresses those claims separately.

### a. Competency Hearing

Mr. Zawada first claims his counsel was ineffective because counsel didn't request a mental competency hearing. As already discussed, Mr. Zawada says he informed his counsel that he suffered childhood abuse, underwent mental health treatments and therapy, was diagnosed with post-traumatic stress disorder, depression, and anxiety, had several heart attacks, and underwent heart surgery just after his arrest, but Mr. Zawada hasn't alleged or argued that a limited mental capacity rendered him unable to understand the charges against him or assist in his defense. Mr. Zawada hasn't pointed to any evidence or circumstances that he claims should have alerted counsel or the court to his diminished mental abilities. *See* Chichakly v. United States, 926 F.2d 624, 633 (7th Cir. 1991) (facts must show that court was aware of a "real, substantial, and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel"). Mr. Zawada's unsupported assertion that a mental competency hearing was necessary is insufficient to establish that his counsel was ineffective for not requesting such a hearing.

### b. Pretrial Discovery

Mr. Zawada next claims Mr. Lenyo was ineffective because he didn't undertake a proper investigation, file pre-trial motions, take depositions, or procure certain discovery materials. Mr. Zawada also complains that certain documents produced by the government were insufficient to prove the charges

against him. Those claims require Mr. Zawada to make "a comprehensive showing as to what the investigation would have produced" and present "sufficiently precise information" about the discovery he claims was missing. <u>Richardson v. United States</u>, 379 F.3d 485, 488 (7th Cir. 2003); <u>United States v. Gramley</u>, 915 F.2d 1128, 1134-1135 (7th Cir. 1990). He hasn't done so.

Mr. Zawada hasn't identified what motions should have been filed or what depositions should have been taken or how those motions or depositions might have changed the outcome of the proceedings. He claims Mr. Lenyo should have investigated and procured a number of discovery items that, according to Mr. Zawada, the government didn't produce, such as all reports and notes from each agency, forensic reports and procedures used in the criminal investigation, records of phone calls, hospital records, names of all agency participants involved, including those present at arrest, e-mail and Internet logs. Even if those documents weren't produced, Mr. Zawada hasn't explained how that discovery would have been exculpatory. Mr. Zawada claims that additional discovery documents could have been used to impeach government witnesses, but he has provided no specifics about that claim. And while Mr. Zawada raises questions about the sufficiency and accuracy of much of the government's evidence, *see* Petn., pp. 19-41, that claim, although couched in terms of an ineffective assistance of counsel claim, is, in reality, a challenge to the evidence, an issue already decided on appeal. *See* <u>United States v. Zawada</u>, 552 F.3d at 535 ("Zawada's primary argument, both before the district court and on appeal, has

always been that the evidence was not sufficient to show that he was 'plannerdude97' and 'beckerb003.' . . . [Viewing] the evidence in the light most favorable to the jury's verdict . . . [t]he account of the facts that we have already furnished is enough to show that the jury had ample evidence before it that permitted it to find that Zawada was the one chatting with Kelsey."). Mr. Zawada hasn't set forth any changed circumstances that would justify reconsideration or relitigation of a sufficiency of the evidence claim already decided on appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995).[2] Mr. Zawada hasn't established that Mr. Lenyo didn't engage in the discovery process and thus hasn't demonstrated that counsel provided ineffective assistance.

### c. Grand Jury Transcripts

Mr. Zawada claims Mr. Lenyo was ineffective because he didn't obtain grand jury transcripts. Procurement of "the normally inaccessible transcripts of proceedings before a grant jury [requires] a showing of particularized need." United States v. Canino, 949 F.2d 928, 943 (7th Cir. 1991). Mr. Zawada hasn't argued or demonstrated that a particularized need for those transcripts existed, so his mere complaint that he didn't receive copies of grand jury transcripts doesn't demonstrate ineffective assistance of counsel.

---

[2] Even if the issue of the sufficiency of the evidence hadn't been decided on appeal, to the extent Mr. Zawada is seeking to attack the weight of the evidence underlying his conviction, such a claim is not cognizable under § 2255. See Williams v. United States, 365 F.2d 21, 22 (7th Cir. 1966) (reliability of evidence is not proper issue for § 2255 review); United States v. Hull, No. 2:02-CV-2, 2006 WL 752481, at *5 (N.D. Ind. Mar. 21, 2006) ("It is well-settled that defendants must argue evidentiary issues on direct appeal and not in a § 2255 petition.").

d.  Alibi Witnesses and Evidence of Innocence

Mr. Zawada next complains that his counsel didn't introduce witnesses or evidence to demonstrate his innocence or establish his alibi. Mr. Zawada claims Mr. Lenyo should have interviewed and called as witnesses his family, his co-workers, and the people who infiltrated his computer, used his e-mail account, and/or stole his Internet credentials. Attached to Mr. Zawada's § 2255 petition is a list of "witnesses from work & employment" and "other witnesses for voice, alibi, character," *see* Petn., Exh. 2, but Mr. Zawada doesn't say he provided his counsel with that list of names prior to trial.[3] He hasn't alleged that he asked counsel to call as witnesses any of the people he now complains weren't called. He merely claims counsel didn't call "alibi witnesses."

"Where a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the missing evidence would have been and prove that this witness's testimony would have produced a different result." Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994). Mr. Zawada hasn't provided any argument or produced any evidence relating to the proposed testimony of any witness: he hasn't demonstrated that any person would have offered testimony about his alibi; he hasn't presented affidavits or other direct statements from any person about what their testimony would have been; and he

---

[3] In Exhibit 2, Mr. Zawada lists the name "Wiktor Mikos (Fimat)" as a "witness from work and employment" that he is now claiming wasn't called at trial. Mr. Zawada is wrong. Victor Mikos, Mr. Zawada's direct manager at Fimat, testified at his trial as a witness for the government.

hasn't argued or established that any of the proposed testimony would have been admissible.

"The Constitution does not oblige counsel to present each and every witness that is suggested to him." United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). Mr. Zawada hasn't established a "reasonable probability" that counsel's decision to not interview and call certain witnesses affected the trial's outcome. Bruce v. United States, 256 F.3d 592, 599 (7th Cir. 2001); *see also* United States v. Giangrosso, 779 F.2d 376, 381 (7th Cir. 1985) (prejudice not established where defendant failed to specify the names of any witnesses who should have been called to testify and what that person could or would have related about defendant). Mr. Zawada's conclusory allegation that "witnesses" and other unidentified people weren't interviewed or called to testify doesn't establish that his counsel was ineffective.

Likewise, Mr. Zawada hasn't alleged or argued that he provided counsel with or alerted counsel to evidence that would establish his innocence. He complains that Mr. Lenyo didn't hire a forensic or technical expert to prove his innocence; in his Exhibit 12, Mr. Zawada lists names of "Expert Witnesses" he says he gave to Mr. Lenyo before trial. Mr. Zawada, though, hasn't suggested or made a specific showing as to what evidence an expert would have offered about his innocence, nor has he established that that evidence would have produced a different result. Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994).

Mr. Zawada lists several scenarios he claims might have suggested his innocence — that "someone else" might have used his computer, infiltrated his computer, and/or used his Internet credentials and name — and complains that his counsel didn't prove any of those theories. Mr. Lenyo presented those possibilities to the jury. During his cross-examination of Commander Mitchell Kajzer, Mr. Lenyo suggested, and obtained Commander Kajzer's agreement, that identities are stolen and computers are hacked almost daily. But Commander Kajzer also testified that no evidence of any such activity was found on Mr. Zawada's computer. Thus, Mr. Lenyo was able to suggest to the jury that someone other than Mr. Zawada used his computer to commit the acts charged; that the jury didn't believe that Mr. Zawada's identity had been stolen or his computer infiltrated doesn't establish ineffective assistance of counsel.

### e. Unproduced Evidence

Mr. Zawada says his counsel provided ineffective assistance by not producing evidence to prove that someone else used Mr. Zawada's identity and credentials to commit these crimes. Mr. Lenyo presented Mr. Zawada's theory to the jury and used cross-examination to suggest that others might have used Mr. Zawada's computer. Mr. Zawada hasn't specified what evidence could or should have been used "to prove" his claim that someone else used his computer. Mr. Zawada's vague and unsupported claim about counsel's failure to produce unidentified evidence is insufficient to establish that counsel was ineffective. *See*

21

Prewitt v. United States, 83 F.3d, 812, 819 (7th Cir. 1996) (§ 2255 petition "must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions"); United States v. Woody, 55 F.3d 1257, 1272 (7th Cir. 1995) ("Without a detailed explanation of the instances of his attorney's errors as well as their effect on the result, we cannot evaluate [defendant's] Sixth Amendment claim."). Mr. Zawada's claim of ineffective assistance of counsel based on the lack of evidence in his favor is without merit.

### f. Failure to Challenge Witnesses and Evidence

Mr. Zawada's generalized complaint that Mr. Lenyo should have done more to challenge the government's witnesses and evidence at trial is unsupported by the record, which shows that Mr. Lenyo actively participated in the trial proceedings by making evidentiary objections, cross-examining the government's witnesses, making opening and closing statements on Mr. Zawada's behalf, and submitting proposed voir dire questions and jury instructions. Mr. Lenyo questioned Commander Kajzer in detail about computers, Internet use, and tracing on-line chats, and was able to elicit testimony from Commander Kajzer that Mr. Zawada's computer and screen names could have been used by someone else and no eyewitnesses saw Mr. Zawada sending the e-mails or hyperlinks or making the telephone calls at issue in the case. Mr. Zawada hasn't suggested what other challenges should have been made but weren't or how any other challenges

would have changed the outcome of the trial. His claim that his counsel didn't challenge the government's witnesses or evidence is without merit.

### f. Not Allowing Defendant to Cross-Examine Witnesses and Conduct Research

Mr. Zawada lastly argues that his Sixth Amendment right to effective representation was infringed by his counsel's refusal to permit him to research certain computer evidence and conduct cross-examination of government witnesses at trial. A defendant in a criminal case has the right to represent himself or to be represented by counsel, but there is no right to a "hybrid" representation, i.e., partly by counsel and partly by the defendant. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Anderson, 716 F.2d 446, 449 (7th Cir. 1983); United States v. Trapnell, 638 F.2d 1016, 1026-1027 (7th Cir. 1980); 28 U.S.C. § 1654. Mr. Zawada's claim of ineffective assistance on this ground has no merit.

### (2) Prejudice

Mr. Zawada hasn't established that his counsel provided ineffective assistance or failed to pursue a legitimate strategy at trial, but even if the court were to assume that Mr. Lenyo's performance was deficient in some respect, Mr. Zawada still must show that "there is a strong probability that but for counsel's unprofessional errors, the result of the proceeding would have been different, meaning a probability sufficient to undermine confidence in the outcome," [and]

that counsel's errors were "so egregious that the trial was rendered unfair and the verdict rendered suspect." <u>Hoffman v. United States</u>, No. 3:09-CV-106, 2009 WL 1285906, at *3 (N.D. Ind. May 4, 2009) (internal quotations and citations omitted).

Mr. Zawada hasn't detailed how the outcome of his trial would have been different given the government's overwhelming evidence against him. Commander Mitchell Kajzer, a law enforcement officer who has specialized training in computer programming and engineering and is a certified forensics computer examiner, testified for the government that through his investigation he found that the IP address linked to e-mails sent to "southbendkelsey13" on the relevant date and time was that of Mr. Zawada; screen names used to contact "southbendkelsey13" — "plannerdude97" and "beckerb003" — were located in the Yahoo! directory on Mr. Zawada's laptop computer; Mr. Zawada's computer was password protected and the passwords would have had to have been known before anyone could have used the computer or either of the screen names; and an examination of Mr. Zawada's computer revealed an excerpt of an online conversation between "becker003" and "southbendkelsey13," as well as a member profile of "southbendkelsey13." Commander Kajzer testified, too, that Mr. Zawada's computer contained no evidence that it had been hijacked or that his IP address had been "spoofed." Other witnesses identified Mr. Zawada's voice as the male voice on the telephone call placed to the person believed to be "southbendkelsey13." The court agrees with the court of appeals' conclusion that

"the jury had ample evidence before it that permitted it to find that [Mr.] Zawada was the one chatting with Kelsey." United States v. Zawada, 552 F.3d at 535.

While Mr. Zawada claims he has presented "hard copy evidence of failure and misrepresentations of evidence, hard evidence of other parties who were the actual perpetrators and introduce[d] exculpatory evidence with the net effect of the evidence withheld by the government," Reply, at 15, the court can't agree. Mr. Zawada's petition and reply brief contain conclusory statements about alleged wrongdoing by the government and his counsel, as well as challenges to the sufficiency of the evidence against him; none of his filings contain any "hard evidence of other parties who were the actual perpetrators" of these offenses. Mr. Zawada hasn't established any error "so egregious that the trial was rendered unfair and the verdict rendered suspect." Hoffman v. United States, No. 3:09-CV-106, 2009 WL 1285906, at *3 (N.D. Ind. May 4, 2009).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice." Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Mr. Zawada hasn't established that his trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance. Mr. Zawada isn't entitled to the relief he seeks based on his claim of ineffective assistance of trial counsel.

IV.  CONCLUSION

25

Based on the foregoing, the court DENIES Mr. Zawada's request for appointment of counsel [docket # 163] and DENIES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 161].

SO ORDERED.

ENTERED: <u>  February 1, 2010  </u>


<u>  /s/ Robert L. Miller, Jr.        </u>
Chief Judge
United States District Court

cc: D. Zawada
   F. Schaffer
   L. Miller-Lowery