UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONALD ZAWADA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-362 RM |
| | ) | (Arising out of 3:06-CR-120 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## OPINION and ORDER

The court denied Donald Zawada's petition under 28 U.S.C. § 2255 and his related request for appointment of counsel and an evidentiary hearing on February 1, and Mr. Zawada filed his notice of appeal on March 19. Mr. Zawada is now before this court having filed a "Response" to the February 1 Opinion and Order, in which he presents arguments he says support his request that counsel be appointed, an evidentiary hearing be held, and relief under § 2255 be granted. He also presents new arguments not contained in his § 2255 petition.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Wisconsin Mut. Ins. Co. v. United States, 441 F.3d 502, 504 (7th Cir. 2006) (*quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). While a district court may act on certain matters after the filing of a notice of appeal, *see* Fed. R. Civ. P. 60(a) (addressing correction of clerical errors in judgments or orders); Kusay v.

United States, 62 F.3d 192, 194 (7th Cir. 1995) ("district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause"); Patzer v. Board of Regents of Univ. of Wisc. Sys., 763 F.2d 851, 859 (7th Cir. 1985) (notice of appeals does not affect court's power to act on petition for attorney fees), a district court may not address those issues involved in the appeal. *See* Griggs v. Provident Consumer Discount Co., 459 U.S. at 58; May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000). Mr. Zawada's request for relief – that the arguments presented in support of his § 2255 petition entitle him to relief – is precisely the aspect of the case involved in his appeal.

To the extent Mr. Zawada raises new issues in his "Response," those claims must be considered as a second or successive § 2255 petition, which can't be filed without leave of the court of appeals. Mr. Zawada doesn't say he has requested or obtained permission to file a second petition.

Accordingly, the court DENIES Mr. Zawada's request for reconsideration of, and an evidentiary hearing on, his § 2255 petition [Docket No. 195 in Cause No. 3:06-CR-120 and Docket No. 14 in Cause No. 3:09-CV-362].

SO ORDERED.

ENTERED:  April 28, 2010 

                                        /s/ Robert L. Miller, Jr.
                                        Judge, United States District Court